IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY A. WILDE,

                Plaintiff,                  OPINION AND ORDER

v.

                                                23-cv-820-wmc

WISCONSIN DEPT. OF PUBLIC INSTRUCTION,

                Defendant.

---

Plaintiff Jeffrey Wilde is representing himself and brings this suit against the Wisconsin Department of Public Instruction, alleging that he suffered religious discrimination and asking the court to reinstate his teaching license.[1] Because Wilde seeks leave to proceed without prepayment of the entire filing fee, the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). Even construing Wilde's complaint generously *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), his complaint is frivolous and will be dismissed without leave to amend. His motion to expedite (dkt. #5) will be denied as moot.

---

[1] Public records show that the Wisconsin Department of Public Instruction denied Wilde's most recent teaching license application for "conduct." *Educator Licensing Online*, Wisconsin Department of Public Instruction, https://elo.wieducatorlicensing.org/datamart/licenseDetails.do?xentId=45789 (last visited Oct. 9, 2024).

OPINION

Wilde's complaint alleges that "two gay Jewish and German former professor[s] at [UW-Milwaukee]" colluded with two gay Lutheran school teachers to fire him from 16 Milwaukee-area school districts. In 2015, Wilde alleges that the superintendent in Grafton, Wisconsin, was romantically involved with one of the UW-Milwaukee professors, so the superintendent had the school police liaison officer falsely arrest Wilde for stalking his ex-wife. Wilde appears to allege that he was convicted and sent to six months of "rehab," but one of his high school classmates had her sister, a forensic psychologist, send him to nine additional months of "rehab." While Wilde was in "rehab," he asserts that the conspirators wrongly told the Wisconsin Department of Revenue that he had not paid his taxes, which resulted in the Wisconsin Department of Public Instruction withholding his teaching license.

Wilde alleges that the five school district representatives -- who are all "gay Missouri Lutherans" -- fired him for being Catholic, noting that he is not a "right-wing Catholic." He adds that the judge in an unspecified case was a "gay Missouri Lutheran," all of the school district personnel who testified against him lied under oath, and his lawyer, a "gay Baptist," forced him not to tell the judge that he had suffered religious discrimination. Wilde further alleges that unidentified individuals mentioned his religion as a reason for his firing during his exit interview. He asserts that he sought relief in Wisconsin Circuit Court, but the circuit judge was apparently dating a family member of one of the conspirators, the appeals court lied about the time limit, and the Wisconsin Supreme Court improperly concluded that his filing was one day late. Finally, he alleges that the

2

conspirators colluded against him by "brainwashing" others into believing that he was a "right-wing Catholic."

Wilde alleges that the discrimination he suffered as a result of the vast conspiracy against him violated the First Amendment, Title VII of the Civil Rights Act of 1964, the Wisconsin Constitution, and Wisconsin state law. He asks for his teaching license to be reinstated.

To proceed with a complaint alleging "a vast, encompassing conspiracy; and before defendants in such a case become entangled in discovery proceedings, the plaintiff must meet a high standard of plausibility." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

Plaintiff alleges that various professors, teachers, and a school superintendent conspired to discriminate against him because of his Catholic faith. Plaintiff further alleges that a police officer helped carry out the conspiracy by falsely arresting him for stalking, and judges and a lawyer prevented him from obtaining redress for the discrimination. A claim is factually frivolous "only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Plaintiff's claims are frivolous because the vast conspiracy alleged here is simply too fantastic to entertain, especially when plaintiff appears to suggest that conspirators acted against him because of their sexual orientation, religion, and personal relationships.

Moreover, this is not the first time that plaintiff has devoted portions of legal filings to identifying the sexual orientation and religious beliefs of people who allegedly mistreated him, which also supports dismissing this action.  *Wilde v. Bd. of Regents of Univ. of Wisconsin Sys.*, No. 2022AP1419, 2023 WL 3960199, at *2 (Wis. Ct. App. June 13, 2023) ("Wilde's appellate brief presents no cogent legal arguments, but rather, consists of . . . various assertions relating to the religious beliefs and sexual orientation of people involved in his alleged mistreatment."), *review dismissed*, 2024 WI 2, 4 N.W.3d 448; *see Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010) ("district court was entitled to draw upon its familiarity with [plaintiff's] prior meritless litigation (again describing sprawling conspiracies) to conclude that his complaint consisted only of claims describing fantastic or delusional scenarios" (quotation marks omitted)).

Further, because the court has no basis to infer that Wilde could amend his complaint to save it from dismissal, the court will not offer him the opportunity to amend.  *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court should grant leave to amend after dismissal of the first complaint unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted.") (emphasis original and citation and quotation marks omitted).

ORDER

IT IS ORDERED that:

1) Plaintiff Jeffrey Wilde's complaint, dkt. #1, is DISMISSED WITH PREJUDICE as frivolous.

2) Plaintiff's motion to expedite (dkt. #5) is DENIED AS MOOT.

3) The clerk of court is directed to close this case.

Entered this 10th day of October, 2024.

                                  BY THE COURT:

                                  /s/

                                  _____

                                  WILLIAM M. CONLEY
                                  District Judge